I IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ROBERT DIETRICH, <br><br> Petitioner, <br><br> v. <br><br> WARDEN JEFFRY FIKES, <br><br> Respondent. | CIVIL ACTION NO.: 2:22-cv-104 |

### REPORT AND RECOMMENDATION

Petitioner Robert Dietrich ("Dietrich"), who is currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Respondent filed a Motion to Dismiss, and Dietrich filed a Response. Docs. 7, 9. Dietrich filed a Reply, and Respondent filed a Surreply. Docs. 13, 15. Dietrich also filed a Motion for Summary Judgment, to which Respondent filed a Response. Docs. 10, 12. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Dietrich's Petition, and **DENY** Dietrich's Motion for Summary Judgment. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Dietrich *in forma pauperis* status on appeal.

### BACKGROUND

Dietrich was convicted in the Northern District of Indiana, after entry of a guilty plea, of unlawfully obstructing and affecting commerce by robbery, in violation of 18 U.S.C. § 1951, and was sentenced to 240 months' imprisonment. Doc. 1 at 13; J., United States v. Dietrich, 3:09-cr-

25 (N.D. Ind. Aug. 27, 2009), ECF No. 64.  His projected release date is December 2, 2027, via good conduct release time.  Doc. 1 at 13; Doc. 7 at 1.

In his Petition, Dietrich asserts he is eligible for First Step Act ("FSA") time credits because he is not serving a sentencing for a disqualifying offense under the FSA.  Doc. 1 at 1, 3 (citing 18 U.S.C. § 3632(d)(4)(D)(i)–(lxviii)).  Specifically, Dietrich notes he is serving a sentence based on his § 1951 conviction and this offense does not disqualify him from receiving credit under the FSA.  Id. at 3.  Dietrich states the Court should order the Bureau of Prisons ("BOP") to deem him eligible for these credits and apply the time credits against his sentence. Id. at 1.  In addition, Dietrich contends the list of excludable (or disqualifying) offenses violates the "irrebuttable presumption" doctrine because the list is based upon "a set of false premises," because the categorical exclusions lack any sort of individual assessment.  Id. at 4.

Respondent argues Dietrich's eligibility for FSA credits has been granted, rendering his Petition moot.  Doc. 7 at 1.  Respondent states an audit was conducted after Dietrich's Petition was served and the audit revealed he was entitled to FSA eligibility.  Id. at 2.

Dietrich responds his FSA time credit assessment shows he is still ineligible for the FSA time credits and the Court should not dismiss his Petition as moot until he is actually given the time credits he is owed.  Doc. 9 at 1.  In addition, Dietrich states he requested a determination on the constitutionality of the FSA's excludable offenses, which Respondent does not address.

## DISCUSSION

**I.     Whether Dietrich's Petition Is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."

2

Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Dietrich asks the Court to order the BOP to deem him eligible to earn time credits under the FSA or, alternatively, requests the Court declare the list of excludable offenses in the FSA unconstitutional. Doc. 1 at 6. The Court notes, at the time Dietrich filed his Petition, he was listed as ineligible for FSA credits. However, once Respondent was served with Dietrich's Petition, staff conducted an audit of Dietrich's claim, resulting in Dietrich being considered

eligible for credits under the FSA and to have credit applied retroactively.  Doc. 7 at 2; Doc. 7-1 at 2–3; Doc. 15-1 at 8.[1]  Because Dietrich has received the relief he seeks in his Petition, doc. 1 at 6, there is no longer a "live controversy" over which the Court can give meaningful relief.  Friends of Everglades, 570 F.3d at 1216.  Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Dietrich's Petition for Writ of Habeas Corpus.[2]

## II.   Dietrich's Motion for Summary Judgment

Dietrich asserts Respondent admits Dietrich's position is correct as a matter of law but has not fixed the issue.  Doc. 10 at 1.  Thus, Dietrich surmises, he is entitled to summary judgment in his favor.

Respondent states Dietrich's Motion is not accompanied by a separate, short statement of material facts, in violation of this Court's Local Rule 56.1.  In addition, Respondent argues he opposes Dietrich's Motion for Summary Judgment on mootness grounds.  Doc. 12 at 1 & 3 n.2.

This Court's Local Rule 56.1 requires a party moving for summary judgment to include "a separate, short, and concise statement of the material facts as to which it is contended there

---

[1]   Dietrich correctly observes in his Response to the Motion to Dismiss his inmate data sheet dated October 25, 2022, still listed him as ineligible for FSA credits.  Doc. 9 at 1; Doc. 7-1 at 6, 8; see also Doc. 13 at 4 (FSA time credit assessment dated October 9, 2022, showing "ineligible").  However, Dietrich's First Step history, dated November 1, 2022, indicates his eligibility.  Doc. 7-1 at 15; see also Doc. 12-1 at 2 (First Step history, dated November 28, 2022, showing "eligible"); Doc. 15-1 at 8 (inmate data printout dated December 19, 2022, listing Dietrich's status as "eligible").

[2]   Dietrich also correctly notes Respondent did not address his alternative argument regarding the constitutionality of the FSA's list of excludable offenses.  Doc. 13 at 1.  As this is an alternative basis for Dietrich's Petition and Dietrich has, in fact, been granted his initial request for relief, his alternative basis for relief is rendered moot, as well.  See Neidich v. Salas, 783 F.3d 1215, 1216 (11th Cir. 2015) (noting a case becomes moot when a court can no longer provide relief).  Even if the alternative basis for relief were not moot, Dietrich's alternative request brings another "strand of justiciability" to the forefront— that of standing.  See Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005) ("For Article III standing purposes . . . plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.  As long as the injury is distinct and palpable rather than abstract, conjectural, or hypothetical, it is sufficient to confer standing.") (cleaned up).  Because Dietrich's relevant offense of conviction does not fall within the FSA's excludable offenses, he lacks standing to raise this issue.

exists no genuine dispute to be tried as well as any conclusions of law thereof." Dietrich failed to provide a separate statement of facts, and the Court should **DENY** his Motion for Summary Judgment on this basis alone. However, the Court should also **DENY** Dietrich's Motion for Summary Judgment because he has been granted his requested relief.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Dietrich leave to appeal *in forma pauperis*. Though Dietrich has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Dietrich's Petition and Respondent's Motion to Dismiss and related filings, there are no non-frivolous issues to raise on appeal, and an appeal would not

be taken in good faith.  Thus, the Court should **DENY** Dietrich *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Dietrich's Petition, and **DENY** Dietrich's Motion for Summary Judgment.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Dietrich *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of April, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA